UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WATSON,

    Petitioner,                      Civil No. 2:12-CV-12678
                                              HONORABLE DENISE PAGE HOOD
v.                                         UNITED STATES DISTRICT JUDGE

UNITED STATES OF AMERICA,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DENYING
PETITION FOR WRIT OF HABEAS CORPUS**

Charles Watson, ("Petitioner"), presently confined at the Wayne County Jail-Division 3 in Hamtramck, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner challenges his pending federal prosecution in the United States District Court for the Eastern District of Michigan for possession with intent to distribute 50 grams or more of cocaine base, 21 U.S.C. § 841(a)(1); possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A); and felon in possession of a firearm, 18 U.S.C. § 922(g)(1). For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE**.

**I. Background**

1

Petitioner is currently charged with the above offenses in a case pending before this Court. Petitioner is represented in that case by the Federal Defender Office. *See United States v. Watson,* U.S.D.C. No. 2:10-CR-20503 (E.D. Mich.)(Hood, J.). [1]

Petitioner was charged with the above offenses on August 4, 2010. Magistrate Judge Virginia M. Morgan ordered that petitioner be released on bond. The Government appealed the bail determination to the presiding district court judge. On August 12, 2010, Judge Stephen J. Murphy, III ordered that petitioner be detained pending trial. Petitioner was indicted on August 19, 2010.

On December 16, 2010, this Court suppressed the items found on petitioner after his arrest. On January 7, 2011, this Court suppressed petitioner's post-arrest statements, but did not suppress the gun and drugs seized from the home. *See U.S. v. Watson,* No. 2011 WL 52635 (E.D. Mich. January 7, 2011). On March 14, 2011, the Government filed an interlocutory appeal with the Sixth Circuit which challenged the suppression of petitioner's post-arrest statements. The Sixth Circuit affirmed this Court's ruling. *See United States v. Watson,* No. 2012 WL 3055781 (6th Cir. July 26, 2012).

Petitioner filed a motion to reopen the detention hearing on January 28, 2011, which was denied on February 16, 2011. Petitioner filed a second motion

---

[1] This Court obtained this information from the records of the United States District Court for the Eastern District of Michigan, which this Court is permitted to take judicial notice of. *See United States v. Rigdon,* 459 F. 2d 379, 380 (6th Cir. 1972).

to reopen the detention hearing, which was also denied. *U.S. v. Watson,* No. 2011 WL 4960068 (E.D. Mich. October 19, 2011). Petitioner appealed the denial of this motion, but the Sixth Circuit affirmed the denial of the motion to reopen the detention hearing. *U.S. v. Watson,* No. 2012 WL 1237785 (6th Cir. April 13, 2012).

Petitioner has now filed a petition for writ of habeas corpus, seeking habeas relief on the following grounds:

> I. Evidence illegally obtained by state officers during a search should not have been admitted into federal court.
>
> II. Once I was arrested, I was coerced into making a statement against myself.
>
> III. Even after the prosecution fails to meet the clear and convincing standard for bond purposes, I am denied bond.
>
> IV. 26 months of incarceration, 16 months of this incarceration has been from waiting to hear a decision on an interlocutory appeal filed by the Government.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the

petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970).  A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*  Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796(additional citations omitted).  Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

In the present case, petitioner has filed a habeas petition to challenge his pending federal prosecution before this Court.  It is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution. *See Jones v. Perkins*, 245 U.S. 390, 391 (1918)("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Riggins v.*

*United States*, 199 U.S. 547 (1905); *Horning v. Seifart*, 107 F. 3d 11 (Table), No. 1997 WL 58620, * 1 (6th Cir. February 11, 1997); *Ferguson v. Gilliam*, 946 F. 2d 894 (Table), No. 1991 WL 206516, * 1 (6th Cir. October 11, 1991).  With the exception of petitioner's pre-trial detention claim, petitioner's claims would be dispositive of his pending federal criminal charges and must be exhausted at trial and on appeal in the federal courts before habeas corpus relief would be available. *See Sandles v. Hemingway*, 22 Fed. Appx. 557 (6th Cir. 2001). Petitioner therefore cannot challenge his pending federal prosecution in his current habeas petition.

Petitioner also cannot challenge this Court's pre-trial detention order in his habeas petition for two reasons.  First, the appropriate vehicle for petitioner to challenge his pre-trial detention is an expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition. *See Whitmer v. Levi,* 276 Fed. Appx. 217, 219 (3rd Cir. 2008).

Secondly, this Court has already twice denied petitioner's request to be released on bond and the Sixth Circuit has affirmed the denial of petitioner's request.  Under the law of the case doctrine, a court is ordinarily precluded from re-examining an issue previously decided by the same court, or by a higher court in the same case. *Consolidation Coal Co. v. McMahon*, 77 F. 3d 898, 905 (6th Cir. 1996).  The law of the case doctrine has been applied to habeas cases in various contexts. *See Crick v. Smith*, 729 F. 2d 1038, 1039 (6th Cir. 1984).  Because both

5

this Court and the Sixth Circuit have denied petitioner's request to be released from pre-trial detention, the law of the case doctrine prevents the relitigation of this issue in the current habeas petition. Accordingly, the petition for writ of habeas corpus shall be denied.

### III.  ORDER

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED**.  Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

SO ORDERED.


Dated:  September 25, 2012          s/Denise Page Hood
                                    Denise Page Hood
                                    United States District Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2012, by electronic and/or ordinary mail.

                        s/LaShawn R. Saulsberry
                        Case Manager